E-FILED
Tuesday, 16 June, 2026  01:16:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PAUL S DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-04101-SLD-RLH |
| | ) | |
| KATHLEEN E MESICH, JOSEPH ARIAS, | ) | |
| and ALIVIA J HATTEN, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded."  28 U.S.C. § 1447(c).  The domestic relations exception to federal jurisdiction requires federal courts to abstain from deciding cases involving divorce, alimony, and child custody decrees.  *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018); *Keith v. Wis. Dep't of Workforce Dev.*, No. 21-2398, 2022 WL 741731, at *2 (7th Cir. Mar. 11, 2022) ("Under [the domestic-relations exception], federal courts avoid deciding cases involving divorce, alimony, and child custody decrees for reasons including state courts' superior proficiency in addressing these matters." (quotation marks omitted)).  The exception also extends to cases that implicate proceedings like the collection of unpaid alimony or child support that are "litigated as a tail to the original domestic relations proceeding."  *See Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998).  Plaintiff seeks to remove state court case 2019F26, which is a petition to establish father/child relationship, visitation, paternity, custody, and support.  *See* 2019F26, Rock Island County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL081025J&ocl=IL081025J,2019F26,IL0

1

81025JL2019F26P1 (last visited June 5, 2026).  This falls squarely within the domestic relations exception; therefore, the Court lacks subject matter jurisdiction over this case.

Even if this were not a domestic relations case, Plaintiff's attempted removal fails to state the basis for jurisdiction as required, *see* 28 U.S.C. § 1446, and, as the petitioner in the underlying state suit, Plaintiff cannot remove the case, *see id.* (discussing the procedure for a *defendant* pursuing removal).  For these reasons, the Court REMANDS this case back to the Fourteenth Judicial Circuit Court.  All pending motions are now MOOT.[1]

Entered this 16th day of June, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court obviously lacks jurisdiction over this removed case, it finds it unnecessary to address whether intervention by the Illinois Department of Healthcare and Family Services or an award of sanctions are appropriate. This is now the second time Davis has filed a suit arising out of his underlying state family law case.  He has since filed a third suit.  The Court will consider whether sanctions against Davis are appropriate in his new case.